THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 James Allan
 Gunnells, Appellant.
 
 
 

Appeal From Bamberg County
 J.C. Buddy Nicholson, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2009-UP-035
Submitted January 2, 2009  Filed January
 14, 2009    
AFFIRMED

 
 
 
 Appellate
 Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor
 Barbara R. Morgan, of Aiken, for
 Respondent.  
 
 
 

PER CURIAM:  James Allan Gunnells was convicted of
 first-degree burglary, armed robbery, kidnapping, assault and battery with
 intent to kill, use of a firearm during the commission of a violent crime, and
 conspiracy.  He received sentences totaling life plus thirty years
 imprisonment.  Gunnells now appeals his convictions and sentences, arguing the
 circuit court erred in admitting an eyewitness first-time identification of
 him in court because the identification was suggestive and unreliable.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  State v.
 Lewis, 363 S.C. 37, 42-43, 609 S.E.2d 515, 518 (2005) (declining to require
 trial courts to evaluate factors enunciated in Neil v. Biggers, 409 U.S.
 188, 199 (1972), where first-time identifications take place in court because the
 judge is present and can adequately address relevant problems; the jury is
 physically present to witness the identification, rather than merely hearing
 testimony about it; and cross-examination offers defendants an adequate
 safeguard or remedy against suggestive examinations); State v. Butler, 353 S.C. 383, 388, 577 S.E.2d 498, 500 (Ct. App. 2003) (holding in
 criminal cases, the appellate court sits to review errors of law only).  
AFFIRMED.
WILLIAMS, PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.